17-1139-cv
*Gray v. Weselmann*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of June, two thousand eighteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,
> KATHERINE POLK FAILLA,
> > *District Judge.**

_____

WAYNE D. GRAY,

> *Plaintiff-Appellant*,

> v.                                                                17-1139-cv

JAY R. WESELMANN, THOMAS D. O'CONNELL, BRYAN MOULTIS, UNITED STATES OF AMERICA,

> *Defendants-Appellees*.

_____

For Plaintiff-Appellant:          GLENN L. FORMICA (Elyssa N. Williams, *on the brief*), Formica Williams, P.C., New Haven, Connecticut.

For Defendants-Appellees:          DAVID C. NELSON (Sandra S. Glover, Michelle L. McConaghy, *on the brief*), *for*

_____

\* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

John H. Durham, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*) entered March 31, 2017.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Wayne D. Gray appeals from a March 31, 2017 judgment of the United States District Court for the District of Connecticut granting the United States's motion for summary judgment. Gray brought this action against the United States, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, and three federal employees, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Gray alleged the following tort claims against the United States: false arrest/false imprisonment; malicious prosecution; negligence; and negligent and intentional infliction of emotional distress. The district court dismissed the *Bivens* claims against the individual defendants, and Gray does not contest this ruling. Instead, Gray challenges the district court's award of summary judgment to the United States, arguing that genuine disputes of material fact precluded the district court from finding that the United States had probable cause to arrest, detain, and prosecute him for illegal reentry. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, "construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor." *McBride v. BIC Consumer Prod. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir.

2

2009). We affirm only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citation omitted).

As provided in the FTCA, the United States has waived its sovereign immunity by consenting to be civilly sued for money damages for its employees' negligence or wrongful acts while acting within the scope of their employment, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Here, the relevant acts occurred in North Carolina; the parties thus agree that North Carolina law governs all of Gray's tort claims.

To establish claims for false arrest/false imprisonment and malicious prosecution under North Carolina law, Gray must show, among other elements, that at the time of Gray's arrest and detention and the initiation of the prosecution, the United States lacked probable cause to arrest, detain, and prosecute Gray. *Adams v. City of Raleigh*, 782 S.E.2d 108, 112 (N.C. Ct. App. 2016), *review denied*, 793 S.E.2d 224 (N.C. 2016); *Turner v. Thomas*, 794 S.E.2d 439, 444 (N.C. 2016). And, among other elements, Gray's negligence and negligent infliction of emotional distress claims require Gray to demonstrate a breach of a duty the United States owed to Gray, *Stein v. Asheville City Bd. of Educ.*, 626 S.E.2d 263, 267 (N.C. 2006), and, in the case of intentional infliction of emotional distress, "extreme and outrageous conduct." *Dickens v. Puryear*, 276 S.E.2d 325, 335 (N.C. 1981).

Upon review, we conclude that the district court properly granted the United States's motion for summary judgment. We affirm for substantially the reasons stated in the district

3

court's thorough and well-reasoned March 31, 2017 ruling on motion for summary judgment. In particular, we discern no error in the district court's determination that at the time of Gray's 2012 arrest, detention, and prosecution, there was probable cause to believe that Gray was not a U.S. citizen. Indeed, probable cause was amply demonstrated by, among other evidence: Gray's repeated and consistent statements that he was a Jamaican national; Gray's providing no indication that he was or might be a U.S. citizen; Gray's acceptance of and complete lack of opposition to the illegal reentry charges; Gray's previous deportation; Gray's concession during those prior removal proceedings, while represented by counsel, that he was removable; and Gray's A-File, which contained certain corroborating information indicating that he had lived with and did not derive citizenship from his mother.

Although it is true that within Gray's A-File there also was a smattering of information suggesting that Gray might have lived with his father at the time of his father's naturalization (and thus derived U.S. citizenship), even assuming the agents were or should have been aware of the information, in light of the overwhelming evidence detailed above that was properly considered and relied upon by the United States, these discrete materials are not sufficient to extinguish probable cause. *See State v. Allman*, 794 S.E.2d 301, 303 (N.C. 2016) (noting that, under the totality of the circumstances, "[a] single piece of evidence may not necessarily be conclusive; as long as the pieces fit together well and yield a fair probability" of criminal conduct, then probable cause is satisfied); *Adams*, 782 S.E.2d at 114 ("Probable cause does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required. A probability of illegal activity, rather than a prima facie showing of illegal activity or proof of guilt, is sufficient." (internal citations

4

and quotation marks omitted)). Since the United States had probable cause to arrest, detain, and prosecute Gray, summary judgment against Gray was appropriate on his false arrest/false imprisonment and malicious prosecution claims. Likewise, the presence of probable cause defeats Gray's negligence and negligent and intentional infliction of emotional distress claims. That is, because there was probable cause to arrest, detain, and prosecute Gray, the United States's actions were lawful and did not breach any duty owed to Gray, nor was its conduct extreme or outrageous.[1]

The detention and prosecution of an American citizen for illegal reentry (and of course his mistaken deportation two decades ago) is undoubtedly "arresting and disturbing." *Watson v. United States*, 865 F.3d 123, 127 (2d Cir. 2017). But, because no reasonable jury could find on this record – which included Gray's own admissions and his prior removal proceedings – that there was a lack of probable cause to arrest, detain, and charge Gray with illegal reentry, we must conclude that the district court did not err in awarding the United States summary judgment on all of Gray's tort claims.

We have considered all of Gray's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent that Gray intimates that his negligence and negligent and intentional infliction of emotional distress claims have a constitutional component, "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994).

5